**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARITZA MARQUEZ-VILLATORO, a.k.a. Maritza Villatoro Ruiz, | No. 11-70103 |
| Petitioner, | Agency No. A097-315-376 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012**

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Maritza Marquez-Villatoro, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Marquez-Villatoro established extraordinary circumstances to excuse her untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5). We lack jurisdiction to review Marquez-Villatoro's contention related to equitable tolling of the one-year filing requirement, because she failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, her asylum claim fails.

Substantial evidence supports the agency's adverse credibility determination based on multiple inconsistencies within Marquez-Villatoro's testimony, and between her testimony, application and written statement, regarding significant aspects of her claim. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the REAL ID Act's 'totality of the circumstances' standard). Marquez-Villatoro's explanations for the inconsistencies do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th

Cir.2000). In the absence of credible testimony, Marquez-Villatoro's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Marquez-Villatoro's CAT claim fails because it is based on the same statements found not credible, and the record does not otherwise compel the finding that it is more likely than not she would be tortured if returned to El Salvador. *See id*. at 1156-57.

Finally, we lack jurisdiction to review Marquez-Villatoro's contentions related to the government's burden of proving deportability, her fear of future harm from gangs and police, and her cancellation of removal claim because she failed to raise them to the agency. *See Barron*, 358 F.3d at 678.

We deny as moot Marquez-Villatoro's motion to reconsider her request for a stay of removal. *See* 9th Cir. R. 27-10.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-70103